IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | § |
| | § |
| | §   **CASE NUMBER 1:17-CR-118** |
| **v.** | § |
| | § |
| | § |
| | § |
| **DESMOND LARAY HARPER** | § |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed September 19, 2022, alleging that the Defendant, Desmond Laray Harper, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59.

### I. The Original Conviction and Sentence

Harper was sentenced on October 26, 2018, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 15 and a criminal history category of IV, was 30 to 37 months. Harper was subsequently sentenced to 37 months of imprisonment followed by a 3 year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; no use or possession

of psychoactive substances; substance abuse treatment; mental health treatment; and $100 special assessment.

## II. The Period of Supervision

On March 6, 2020, Harper completed his period of imprisonment and began service of the supervision term. On April 22, 2020, a Petition for Warrant for Offender Under Supervision was filed based on several violations of supervised release, which was granted by the court. On May 11, 2020, an Initial Appearance was held before the undersigned and the parties agreed to modify the conditions of supervision to include placement in a residential reentry center in lieu of revocation at that time.

On May 13, 2020, the court granted the Request for Modifying the Conditions of Supervision with Consent of the Offender and ordered Harper to reside in a residential reentry center for a period of 180 days, and the original petition for warrant was dismissed as moot.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising three allegations. The petition alleges that Harper violated the following conditions of release:

> Allegation 1. The Defendant shall not commit another federal, state, or local crime.
>
> Allegation 2. The Defendant shall not unlawfully possess a controlled substance.
>
> Allegation 3. The Defendant shall live at a place approved by the probation officer. If he plans to change where he lives or anything about the living arrangements, he must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, he must notify the probation officer within 72 hours of becoming aware of a change or expected change.

## IV. Proceedings

On September 28, 2022, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to the third allegation that claimed he failed to notify his probation officer of a change in residence. In return, the parties agreed that he should serve a term of 12 months' and one-day imprisonment, with no supervised release to follow.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to notify his probation officer of a change in residence, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of IV, the policy statement imprisonment range is 6 to 12 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

    supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a standard condition of release that he failed to notify his probation officer of a residence change. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade C violation, and the criminal history category is IV. The policy statement range in the Guidelines Manual is 6 to 12 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 12 months' and one-day, with no supervised release to follow.

## VII. Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a standard condition of release by failing to notify his probation officer of a change in residence. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of 12 months' and one-day imprisonment, with no supervised release to follow. The Defendant requested to serve his prison term at the Federal Correctional Institution in Beaumont, Texas. The Defendant's request should be accommodated, if possible.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable). The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

SIGNED this 5th day of October, 2022.

_____
Zack Hawthorn
United States Magistrate Judge